**IN THE COURT OF APPEALS OF IOWA**

No. 19-0020
Filed March 20, 2019

**IN THE INTEREST OF N.S. and N.S.,**
**Minor Children,**

**K.K., Mother,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant mother.

Thomas J. Miller Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Meret Thali of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. The mother claims the children could be returned to her care at the time of the hearing or in the near future. We find the State established by clear and convincing evidence the children could not be returned to the mother, and termination is in the children's best interests.

## I.      Background Facts & Proceedings

K.K. is the mother of N.M.S., born in 2014, and N.J.S., born in 2016. On January 29, 2017, the mother was arrested for possession of methamphetamine in the home and two counts of child endangerment. The children's father, A.S., was in prison at the time. The parents have a history of domestic violence and drug use.

The children remained in the mother's custody subject to protective supervision by the Iowa Department of Human Services (DHS). The mother and children moved in with the mother's father, then later moved to her mother's home. On March 27, the children were adjudicated in need of assistance (CINA) under Iowa Code section 232.2(6)(a), (c)(2), and (n) (2017). In April, the infant tested positive for exposure to methamphetamine.

The mother pleaded guilty to a charge of child endangerment and received a suspended sentence. The mother sporadically participated in services including drug testing, mental-health treatment, substance-abuse evaluations and treatment, and parenting classes. The mother often showed initial interest in a service, but then failed to follow through with the programming. The mother told workers she did not feel she needed treatment and she did not have a substance-

abuse problem. The father was paroled to Minnesota in August, and the parents began weekend visits.

One morning in early September, the older child, then two years of age, was found underdressed and alone across the street from the home while the mother slept; officers found the door to the home wide open. The mother admitted to relapsing on methamphetamine that week and later admitted to having used methamphetamine and marijuana weekly between January and September. The children were placed with the maternal grandmother with a safety plan. The mother continued to live in the home while clean and sober, but she was no longer allowed unsupervised care of the children. On January 3, 2018, the court moved the children to the custody of DHS, which placed them with the maternal grandmother.

In November 2017, the mother was accepted into family treatment court but was released in January 2018 due to noncompliance. A domestic-violence incident occurred between the parents in late December. The mother began missing appointments with her probation officer and admitted using marijuana and methamphetamine. During a traffic stop of the parents in February, marijuana, methamphetamine, and drug paraphernalia were found on the mother's person and in the vehicle. The drugs were attributed to the father and he was arrested and charged. In March, the father pleaded guilty to two felony drug offenses and was sentenced to consecutive prison sentences.

In early March, the mother attended intensive outpatient treatment. In April, she served twenty days in jail for a probation violation, then relapsed again upon release. In early July, the mother entered an inpatient treatment center and

requested temporary custody of the children. While there, she completed a parenting class. On August 20, the mother moved to a half-way house and was still there at the time of the termination hearing. She obtained employment and was still living at the half-way house where the children could not join her at the time of the termination hearing.

On August 20, the State filed a petition to terminate the parents' rights. On October 4, the court held a dispositional review hearing on the mother's motion to modify dispositional order, and hearing on the State's petition to terminate parental rights. The court heard testimony from a Family Safety, Risk, and Permanency Services (FSRP) provider; the mother; the mother's current therapist; and the father testified via telephone. At the time of the hearing, the mother had been sober over three months and was on a waiting list for an apartment offered by the treatment program. The FSRP provider and mother both testified the parents were both more likely to relapse when around each other. The mother had asked the father not be told where she was during her treatment. However, while the mother was in the half-way house and the father in prison they remained in telephone contact, but both parents state they are not in a relationship. The father testified he expected to parole in 2019 after completing treatment. The guardian ad litem for the children told the court termination of the parents' rights is in the children's best interests.

On December 31, the court terminated the mother's parental rights pursuant to section 232.116(1)(h) and (*l*) (2018).[1] The mother appeals.

---

[1] The father's parental rights to both children were also terminated. He does not appeal.

## II.    Standard of Review

We review termination-of-parental-rights cases de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  "There must be clear and convincing evidence of the grounds for termination of parental rights."  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  Where there is clear and convincing evidence, there is "no serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted).  The paramount concern in termination proceedings is the best interest of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them."  *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

## III.    Analysis

The mother challenges the court's conclusion the children could not be returned to her custody pursuant to section 232.116(1)(h) and (*l*).  "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We find termination was proper under section 232.116(1)(h).

Under section 232.116(1)(h), the court must find the children are three years of age or younger, as determined at the last date of the termination hearing;[2] have

---

[2]  We note N.M.S. turned four years old between the time of the termination hearing and the filing of the order.  For purposes of section 232.116(1)(h), the child's age is determined on the date of completion of the termination hearings, not the date of the order, so termination was appropriate under paragraph (h).  *See In re J.A.*, No. 13-0889, 2013 WL 5758054, at *3–4 (Iowa Ct. App. Oct. 23, 2013).

been adjudicated CINA; have been removed from the parent's custody for at least six months; and the children cannot be returned to the parent at the present time.

The mother does not contest the first three elements. The children were ages two and three at the time of the termination hearing. They had been adjudicated CINA on March 27, 2017. The children had been in DHS custody for nine months at the time of the hearing.

We note and applaud the mother's progress since the beginning of July in structured treatment center settings. However, she did not start to be serious about her treatment until after nearly a year and a half of DHS supervision, after the court had set a permanency hearing, and she must learn to manage two severe substance addictions. "A parent cannot wait until the eve of termination . . . to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). The mother has struggled with sobriety while living in the community and receiving outpatient treatment. She continues to have contact with the father even though the times they are together are marked by domestic violence and drug use.

The children, now two and four years old, have been under the supervision of DHS since January 2017. Despite her recent progress, the mother's visitations are still supervised and limited to twice a week. The children cannot currently live with the mother in her treatment facility. The mother has substantial progress to make before the children can be returned to her custody, most importantly showing she can stay sober in the community. She has struggled with this in the past several years even without having sole custody of two small children. "We do not 'gamble with the children's future' by asking them to continuously wait for a stable biological parent, particularly at such tender ages." *D.W.*, 791 N.W.2d at 707

(citation omitted). The mother admitted at the termination hearing it is not fair to ask the children to continue to wait on her progress. We find the State has shown by clear and convincing evidence the children cannot be returned to the custody of the mother at this time. Therefore, we find clear and convincing evidence in the record the mother's rights should be terminated under Iowa Code section 232.116(1)(h).

"When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren].'" *M.W.*, 876 N.W.2d at 224 (quoting Iowa Code § 232.116(2)). The children's grandparents have provided a safe and stable home for the children since 2017 while the mother went through cycles of treatment and relapse. The mother is not at a point in her recovery to support a finding she is able to meet the needs of the children. We agree with the juvenile court's finding termination of the mother's rights is in the children's best interests.

**AFFIRMED.**